■ THERESA PANARO, Appellant, v GENERAL MOTORS CORPORATION, Respondent. (Action No. 1.) KEVIN PURCELL, Appellant, v GENERAL MOTORS CORPORATION et al., Respondents. (Action No. 2.) (And Two Third-Party Actions.)—In actions to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Dachenhausen, J.), entered August 5, 1983, which was in favor of the defendants and against them, upon a jury verdict.

Judgment affirmed, without costs or disbursements.

The instant actions arose out of an incident in which, as the plaintiff Panaro was driving southbound on the Palisades Parkway with the plaintiff Purcell as a passenger, Panaro's 1975 Pontiac Astre left the roadway, mounted the parkway berm, crashed into the guardrail, flipped over and came to a stop upside down in a ditch, 24 feet from the rail. Panaro and Purcell were seriously injured as a result of the accident.

At trial, the plaintiffs claimed that the accident occurred solely as a result of Panaro's inability to turn the steering wheel back to the left in order to straighten her car out after making a lane change from the left lane to the right lane. Through their experts, they asserted that the only possible cause of the accident was that the steering wheel was prevented from turning to the left because a stone or other object, thrown up into the engine compartment, became lodged between the nut and bolt of the pot joint and the interior fender wall. While the jury determined that there was a defect present in the design of the vehicle's pot joint environment and that the defendant General Motors Corporation (hereinafter GM) was negligent in the design thereof, it nevertheless concluded that GM's design of the pot joint area of the Astre was not the proximate cause of the accident. The trial court denied the plaintiffs' motion to set aside the verdict as against the weight of the credible evidence.

Based upon our review of the record, we conclude that the jury's finding that GM's design of the pot joint in the plaintiff Panaro's 1975 Pontiac Astre was not the proximate cause of the accident was not against the weight of the evidence. The evidence presented at trial provided a basis for the jury to have concluded that the accident did not happen in the manner in which the plaintiffs claimed. For example, GM's expert testified that it was impossible for the wheels of the Astre, traveling as they were over normal paved roads such as the Palisades Parkway, to kick stones up into the engine compartment. While Panaro often drove the Astre down a gravel alley behind Purcell's home, the alley was in such bad condition that one could not drive fast enough on it for the tires to kick any stones up into the engine compartment. Furthermore, the expert testified that had Panaro tugged at the wheel, as she said she had, and if a stone had been lodged between the nut and bolt of the pot joint and the interior fender wall, some evidence of that fact in the form of marks left on either the pot joint or the interior fender wall by the object creating interference would have remained. There was no dispute that no such marks were evident. The expert also testified that in order for the nut and bolt of the pot joint to be in a position that would permit a stone or other object to enter the area between the nut and bolt and the interior fender wall, it was necessary that the steering wheel be turned to the right in excess of 45 degrees from a straight ahead position. The plaintiffs' expert agreed with that conclusion.

The record indicates that when traveling at 55 miles per hour down a relatively straight highway, only about 12 degrees of steering wheel movement is necessary in order to make normal lane changes. Had Panaro turned the wheel far enough to have created the condition which would have allowed a stone to become trapped, the car would not have made a gradual lane change but would have immediately gone off the road. The jury was shown a series of videotapes prepared by the parties' witnesses which demonstrated how a car responds when the steering wheel is turned differently. The jury also observed a demonstration by Panaro's counsel in which, using a mock steering system of the Astre, he manually placed a stone between the nut and bolt of the pot joint and the interior fender wall and applied the pressure to the steering wheel which one would apply when changing lanes at 55 miles per hour. The result was not that the stone jammed, but rather that it popped out and left a mark on the side rail.

In light of all of the foregoing, as well as evidence that the accident might have been caused by driver error, excessive speed or possible contact with another vehicle, it cannot be said that the jury's determination was against the weight of the credible evidence.

The plaintiffs also argue that the trial court erred in excluding from evidence an invoice relating to a prior repair of the Astre which indicated binding in its steering mechanism. The plaintiffs offered the repair order on the issue of a general or specific defect in the Astre. The claim of a general defect, however, was specifically dismissed from the case and the plaintiffs do not object to that dismissal on appeal. Further, since the jury returned a verdict in favor of the plaintiffs as to the issue of a specific defect, regardless of whether the court was correct in excluding the repair order from evidence, the plaintiffs were not prejudiced by that ruling.

The plaintiffs also argue that by reason of the exclusion of the repair order, the jury was deprived of all consideration of the prior difficulties Panaro experienced with the Astre. However, Panaro's own testimony about the binding problems that she had experienced prior to the accident (which she testified were different than those which she experienced at the time of the accident), and for which she had brought the car to the dealer, and the conversations that she had had with the dealer's employees, were before the jury. None of this testimony was stricken from the record. Accordingly, even without the repair order in evidence, the jury had, for its consideration, this testimony about Panaro's prior steering difficulties. All that the repair order would have added to this testimony was that GM and its dealer knew of the complaint and did nothing about it, both of which facts clearly relate only to the issue of the defect, with respect to which the plaintiffs were successful in convincing the jury.

The issue raised concerning GM's counsel summation has not been preserved for review as a matter of law (see, Dunne v Lemberg, 54 AD2d 955, lv denied 40 NY2d 809), and we decline to reach it in the interest of justice. Lazer, J. P., Mangano, Brown and Kooper, JJ., concur.